UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES RAMSEY,

              Plaintiff,

    v.

CITY OF RANCHO CORDOVA, et al.,

              Defendants.

No.  2:23-cv-02178-DAD-DB

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

(Doc. No. 7)

This matter is before the court on defendants' motion to dismiss filed on October 24, 2023.  (Doc. No. 7.)  On November 11, 2023, defendants' motion was taken under submission on the papers pursuant to Local Rule 230(g).  (Doc. No. 10.)  For the reasons explained below, defendants' motion to dismiss will be granted, and plaintiff will be granted leave to amend as to certain of his claims.

**BACKGROUND**

Plaintiff Charles Ramsey brings this civil rights action under 42 U.S.C. § 1983 against defendants City of Rancho Cordova (the "City"), County of Sacramento (the "County"), and

/////

/////

/////

/////

1

1    DOES 1–25 stemming from alleged constitutional violations committed by the police during a

2    five-and-a-half-hour detention of plaintiff.[1]  In his complaint, plaintiff alleges as follows.

3            At approximately 11:40 p.m. on September 30, 2022, plaintiff was driving home from

4    work and was nearing his residence when multiple gunshots were fired at his vehicle by an

5    unknown assailant.  (Doc. No. 1 at 10.)  The vehicle sustained three gunshot hits before plaintiff

6    pulled over, about 600 feet from where his vehicle was shot.  (*Id.*)  Plaintiff retrieved his firearm,

7    which was secured within the trunk of his vehicle.  (*Id.*)  A neighbor exited her residence, and

8    plaintiff requested she call 911.  (*Id.*)  The neighbor called 911 and told the operator that plaintiff

9    was armed because he was an active security guard.  (*Id.*)  Subsequently, plaintiff placed his

10   firearm on the ground and stepped away from it.  (*Id.* at 11.)  Police arrived at approximately

11   12:10 a.m., and plaintiff signaled to them that he needed help by waving his arms.  (*Id.*)

12   However, an officer grabbed plaintiff's arm and handcuffed him.  (*Id.*)  Plaintiff remained

13   handcuffed until approximately 1:00 a.m., when he was placed into a patrol vehicle.  (*Id.*)  While

14   in the police vehicle, plaintiff made requests to use the bathroom but was forced to relieve himself

15   in a water bottle inside the vehicle.  (*Id.* at 12.)  Plaintiff remained in the vehicle until 5:37 a.m.

16   (*Id.* at 11.)  He overheard an officer state, "we are just going to treat him like the shooter."  (*Id.* at

17   12.)  After the officers released him, plaintiff's firearm was seized, despite his explanation of

18   needing it for his job as an armed security guard.  (*Id.*)  The firearm was not returned to him until

19   a few months later, on December 2, 2022.  (*Id.*)

20           On July 17, 2023, plaintiff filed his complaint initiating this action in the Sacramento

21   County Superior Court, which defendants thereafter removed to this federal court on October 2,

22   2023.  (Doc. No. 1.)  In his complaint, plaintiff asserts the following nine causes of action against

23   /////

24   /////

25   /////

26

27   ─────────────
     [1]  Plaintiff does not specify in his complaint who DOES 1–25 are, but presumably, he intends for
     these unnamed defendants to be the "law enforcement officers" whose conduct underpins his
28   claims.  (Doc. No. 1 at 9.)

defendants[2]:  (1) violation of 42 U.S.C. § 1983; (2) violation of California Civil Code § 51, the Unruh Civil Rights Act; (3) violation of the Fourth Amendment to the U.S. Constitution; (4) violation of the Eighth Amendment to the U.S. Constitution; (5) false imprisonment under California state law; (6) violation of due process under the Fifth and Fourteenth Amendments to the U.S. Constitution; (7) violation of Article 1 § 13 of the California Constitution; (8) intentional infliction of emotional distress; and (9) negligent training and retention.  (*Id.* at 8.)

On October 24, 2023, defendants filed the pending motion to dismiss plaintiff's complaint.[3]  (Doc. No. 7.)  On November 7, 2023, plaintiff filed his opposition to the pending motion, and on November 17, 2023, defendants filed their reply thereto.  (Doc. Nos. 8, 12.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

---

[2]  Because plaintiff has only named entity defendants, all of his federal constitutional claims— i.e., his first, third, fourth, and sixth causes of action—are appropriately classified as *Monell* claims, from the Supreme Court's decision in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

[3]  Defendants also move to strike plaintiff's allegations regarding punitive damages under Rule 12(f) on the grounds that punitive damages are not recoverable against public entities.  (Doc. No. 7-1 at 8.)  However, the court notes that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010); *see also Rogers v. City of San Francisco*, No. 23-cv-04997-JCS, 2024 WL 813444, at *3 (N.D. Cal. Feb. 23, 2024) (denying the defendants' request to strike the plaintiffs' request for punitive damages under Rule 12(f)) (citing *Whittlestone*, 618 F.3d 970).  Instead, it appears that a motion to dismiss brought under Rule 12(b)(6) is the appropriate means by which to challenge a request for damages, including punitive damages, as barred as a matter of law.  *See Gopinath v. SomaLogic, Inc.*, No. 23-cv-01164-W-WVG, 2023 WL 5354776, at *6 (S.D. Cal. Aug. 21, 2023) (adopting this view and observing that to hold otherwise would leave defendants "with no mechanism to challenge a [punitive] damage request like the one here since *Whittlestone* held that Rule 12(f) cannot be used for this purpose").  Therefore, the court will address defendants' motion to strike as part of the motion to dismiss analysis below.

1  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

2  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

3  *Iqbal*, 556 U.S. 662, 678 (2009).

4      In determining whether a complaint states a claim on which relief may be granted, the

5  court accepts as true the allegations in the complaint and construes the allegations in the light

6  most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However,

7  the court need not assume the truth of legal conclusions cast in the form of factual allegations.

8  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not

9  require detailed factual allegations, "it demands more than an unadorned, the-defendant-

10  unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers

11  mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

12  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements

13  of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is

14  inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the

15  defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen.*

16  *Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

17                                    **ANALYSIS**

18  **A.    Federal Claims**

19          1.     Plaintiff's Federal Claims Fail

20      To state a claim under § 1983, a plaintiff must allege: "(1) that the conduct complained of

21  was committed by a person acting under color of state law; and (2) that the conduct deprived the

22  plaintiff of a constitutional right." *Balistreri*, 901 F.2d at 699. A plaintiff may bring a § 1983

23  claim against a person or an entity, including a municipality. 42 U.S.C. § 1983; *Monell*, 436 U.S.

24  at 694.

25      Here, plaintiff does not identify any individual defendants in his complaint. Instead, he

26  names only entity defendants, the City and the County. In order for a local government entity like

27  defendants to be liable under *Monell*, a plaintiff must show "(1) they were deprived of their

28  constitutional rights by defendants and [defendants'] employees acting under color of state law;

4

1   (2) that the defendants have customs or policies which 'amount[ ] to deliberate indifference' to

2   their constitutional rights; and (3) that these policies are the 'moving force behind the

3   constitutional violation[s].'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681–82 (9th Cir. 2001)

4   (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)).

5          In their motion to dismiss, defendants argue that plaintiff's federal claims fail because his

6   "[c]omplaint does not identify any policy, custom or practice by which his Constitutional rights

7   were supposedly violated."  (Doc. No. 7-1 at 4.)  The court agrees.  In his complaint, plaintiff

8   does not allege facts pertaining to a specific policy, practice, or decision of a municipal official

9   with final decision-making authority that led to the alleged violations of plaintiff's rights under

10  the Fourth, Fifth, Eighth, or Fourteenth Amendments.  *See Koch v. Sacramento Cnty.*, No. 2:23-

11  cv-00701-DB, 2023 WL 8789209, at *2 (E.D. Cal. Dec. 19, 2023) ("The amended complaint does

12  not include facts pertaining to a specific policy, practice, or decision of a municipal official with

13  final decision-making authority that led to the alleged due process deprivation. . . . For these

14  reasons, the amended complaint does not state a due process claim [against the County].")

15  (internal citations omitted).  Furthermore, "[p]roof of random acts or isolated events does not

16  satisfy the plaintiff's burden to establish a custom or policy."  *Picray v. Sealock*, 138 F.3d 767,

17  772 (9th Cir. 1998) (finding that the plaintiff's own experience was insufficient to establish a

18  custom or policy); *see also Meehan v. Cnty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988)

19  ("Proof of unconstitutional assaults by SEB agents on December 21 and March 10, standing

20  alone, does not support a finding of liability against the County."); *Koch*, 2023 WL 8789209, at

21  *2 ("Allegations about the events occurred solely concerning plaintiff's case do not establish a

22  custom or policy.").

23         In his opposition, plaintiff argues that he has alleged in his complaint "prior similar

24  incidents, including a nearly identical situation of misidentifying and mistreating a crime victim."

25  (Doc. No. 8 at 2) (citing Doc. No. 1 at 11–12, ¶¶ 29–37.)  However, as defendants point out in

26  their reply (Doc. No. 12 at 3), paragraphs 29 through 37 of plaintiff's complaint only discuss the

27  incident that is the subject of this action, not other incidents, (Doc. No. 1 at 11–12, ¶¶ 29–37).

28  /////

5

1   Indeed, plaintiff does not allege a single prior incident to support his conclusory assertion that

2   defendants had a custom or practice of violating crime victims' constitutional rights.

3       For these reasons, the court will grant defendants' motion to dismiss all of plaintiff's

4   federal claims, i.e., plaintiff's first, third, fourth, and sixth causes of action.  Plaintiff will be

5   granted leave to amend these claims, except as otherwise noted below.[4]

6       2.   <u>Additional Pleading Deficiencies in the Allegations of Constitutional Violations</u>

7       While the court has already found that all of plaintiff's federal claims fail to state a claim

8   and are subject to dismissal under Rule 12(b)(6) for the reasons explained above, there are

9   additional pleading deficiencies with regard to several of plaintiff's federal claims that are worth

10  noting in this order.

11      a.   *Plaintiff's Claim of a Violation of 42 U.S.C. § 1983 Is Duplicative*

12      In their motion to dismiss, defendants argue that because plaintiff's first claim for a

13  violation of 42 U.S.C. § 1983 is not specific as to which constitutional right was allegedly

14  infringed, it should be dismissed.  (Doc. No. 7-1 at 5.)  Indeed, "section 1983 'is not itself a

15  source of substantive rights,' but merely provides 'a method for vindicating federal rights

16  elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*,

---

[4]   In their pending motion, defendants request that the court dismiss plaintiff's complaint in its
entirety, without leave to amend.  (Doc. No. 7-1 at 8.)  In his opposition, plaintiff did not request
leave to amend his complaint to correct the deficiencies that defendants identified in their motion
to dismiss.  Nonetheless, Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to
"freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Plaintiff
originally filed his complaint in state court, and the court is mindful of the different pleading
standards between state and federal courts.  It seems plausible that some of plaintiff's federal
claims—i.e., his third and sixth causes of action—could be cured with additional facts alleged,
especially considering that there have been no prior amendments to his complaint.  Therefore,
plaintiff will be granted leave to amend those claims.  *See Lopez v. Smith*, 203 F.3d 1122, 1127
(9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the
pleading was made, unless it determines that the pleading could not possibly be cured by the
allegation of other facts.") (citation omitted); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.,
Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("'[L]iberality in granting leave to amend is subject to
several limitations.'  Those limitations include undue prejudice to the opposing party, bad faith by
the movant, futility, and undue delay.  Further, '[t]he district court's discretion to deny leave to
amend is particularly broad where plaintiff has previously amended the complaint.'") (citations
omitted).  However, as discussed below, the court concludes that amendment of plaintiff's first
and fourth causes of action would be futile and, accordingly, they will thus be dismissed without
leave to amend.

443 U.S. 137, 144 n.3 (1979)); *see also Guerrero v. Cnty. of Alameda*, No. 18-cv-02379-WHA, 2018 WL 4680183, at *3 (N.D. Cal. Sept. 28, 2018) (denying the plaintiff's motion for leave to assert a claim for an unspecified violation of § 1983).

In his complaint, plaintiff alleges that he was subject to an "unreasonably long detention," "suffered invidious discrimination," that the "police unlawfully seized [p]laintiff's firearm," and that he was required to "urinate in a bottle in the back of the squad car."  (Doc. No. 1 at 14.) However, the only constitutional right specifically mentioned in his first cause of action is the "Due Process [C]lause of the 14th Amendment of the United States Constitution."  (*Id.*).  Thus, it appears that plaintiff's first claim is duplicative of his sixth claim for violation of due process under the Fifth and Fourteenth Amendments.  For this additional reason, plaintiff's first claim for an unspecified violation of § 1983 will be dismissed, without leave to amend.  *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."); *Harmon v. Cnty. of Sacramento*, No. 2:12-cv-02758-TLN, 2016 WL 319232, at *13 (E.D. Cal. Jan. 27, 2016) (dismissing a claim as duplicative, finding no "legal reason to maintain two causes of action with identical proof requirements and identical relief available").

> b.  *Plaintiff's Eighth Amendment Claim Fails as a Matter of Law*

In asserting a claim under the Eighth Amendment, plaintiff alleges that the police ignoring his repeated requests to urinate, and then only allowing him to urinate in a water bottle, violated the Eight Amendment's Cruel and Unusual Punishment Clause.  (Doc. No. 1 at 16.)  Defendants move to dismiss plaintiff's Eighth Amendment claim, contending that it fails as a matter of law because plaintiff "does not allege he was subject to punishment, arrest, fines, or that he was convicted and sentenced at any point in time, nor was he."  (Doc. No. 7-1 at 5.)

The Due Process Clause of the Fourteenth Amendment governs the rights of pretrial detainees, whereas the Cruel and Unusual Punishment Clause of the Eighth Amendment governs the rights of convicted prisoners.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in

7

accordance with due process of law."); *Glair v. City of Santa Monica*, 649 F. App'x 411, 412 (9th Cir. 2016)[5] (holding that the district court properly granted summary judgment in favor of the city defendant with respect to the plaintiff's Eighth Amendment claim because the plaintiff "was not convicted and sentenced for any violation"); *Lee*, 250 F.3d at 686 (stating that the "Eighth Amendment's prohibition of 'cruel and unusual punishments' applies only 'after conviction and sentence'") (quoting *Graham v. Connor*, 490 U.S. 386, 393 n.6 (1989)).

Because plaintiff neither alleges nor would appear to be able to allege that he was convicted or sentenced with respect to this incident, plaintiff's Eighth Amendment claim will also be dismissed without leave to amend.

c.       *The Doe Defendants' Identities and Actions Are Insufficiently Pled*

The pleading of Doe defendants is disfavored under the Federal Rules of Civil Procedure. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, the plaintiff should be given an opportunity through discovery to identify unnamed defendants if their identities were unknown prior to filing the complaint, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.*

In actions brought pursuant to § 1983, courts must dismiss Doe defendants where the plaintiff fails to make specific allegations as to how those Doe defendants violated the plaintiff's rights. *See Cavanaugh v. Cnty. of San Diego*, No. 3:18-cv-02557-BEN-LL, 2020 WL 6703592, at *25 n.20 (S.D. Cal. Nov. 12, 2020) ("Where a '[p]laintiff fails to link any particular constitutional violation to any specific, individual state actor,' or seeks 'to even minimally explain how any of the unidentified parties he seeks to sue personally caused a violation of his constitutional rights,' the court must dismiss those individuals . . . .") (citation omitted).

Here, plaintiff's allegations lack specificity in identifying Does 1–25 and what their individual roles were in the alleged acts. Plaintiff merely pleads that "[t]he true names and capacities of Doe [d]efendants named in this [c]omplaint are unknown to [p]laintiff and will be amended as available. Plaintiff will amend this [c]omplaint to allege the true names of each of

---

[5] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1    these [d]efendant(s) as soon as [p]laintiff is able to ascertain their true names," (Doc. No. 1 at 9),

2    and nothing more.  While there are implications that these Doe defendants were the "law

3    enforcement officers" whose conduct underpins plaintiff's claims, (*id.*), plaintiff never expressly

4    so states.

5         Additionally, Rule 8 requires a plaintiff to "plead a short and plain statement of the

6    elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and

7    the elements of the prima facie case[.]"  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th

8    Cir. 2000).  "When a plaintiff sues multiple defendants, the complaint 'must allege the basis of

9    his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which

10   requires a short and plain statement of the claim to put defendants on sufficient notice of the

11   allegations against them.'"  *Dougherty v. Bank of Am., N.A.*, 177 F. Supp. 3d 1230, 1253 (E.D.

12   Cal. 2016) (citation omitted).  Here, plaintiff has not alleged the basis of his claim against any of

13   the Doe defendants, thus failing to satisfy Rule 8(a)(2).  *See id.*; Fed. R. Civ. Proc. 8(a)(2).

14        For these reasons, Does 1–25 will be dismissed.  Nonetheless, leave to amend in this

15   regard will be granted because it is not clear at this point that amendment would be futile.  *See*

16   *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

17   **B.    Punitive Damages**

18        Under § 1983 and California law, it is clear that public entities are immune from punitive

19   damages.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that "a

20   municipality is immune from punitive damages under 42 U.S.C. § 1983"); *Westlands Water Dist.*

21   *v. Amoco Chem. Co.*, 953 F.2d 1109, 1113 (9th Cir. 1992) ("California Government Code § 818

22   bars any award of punitive damages against a public entity."); Cal. Gov't Code § 818

23   ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded

24   under Section 3294 of the Civil Code or other damages imposed primarily for the sake of

25   example and by way of punishing the defendant.").  Accordingly, the court will dismiss plaintiff's

26   request for punitive damages as relief for his claims brought against the City and the County

27   without leave to amend.  *See Walker v. McCoud Cmty. Servs. Dist.*, No. 2:16-cv-00061-WBS-

28   CMK, 2016 WL 951635, at *2 (E.D. Cal. Mar. 14, 2016) (dismissing the plaintiff's request for

1   punitive damages as relief for his claims against the public entity defendant without leave to

2   amend).

3   **C.      State Law Claims**

4          "Where all federal claims are dismissed in an action containing both federal and state law

5   claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state

6   law claims." *Tennyson v. Cnty. of Sacramento*, No. 2:19-cv-00429-KJM-EFB, 2020 WL

7   4059568, at *7 (E.D. Cal. July 20, 2020).

8          Because the court dismisses plaintiff's federal claims, the court declines to exercise

9   supplemental jurisdiction over plaintiff's state law claims.  Accordingly, plaintiff's state law

10  claims are dismissed without prejudice to him realleging those claims in any first amended

11  complaint he may elect to file in this action asserting cognizable federal claims.

12                                    **CONCLUSION**

13         For the reasons explained above,

14         1.      Defendants' motion to dismiss (Doc. No. 7) is granted with leave to amend, in

15                 part, as follows:

16                 a.      Plaintiff's request for punitive damages as relief for his claims brought

17                         against the City and the County is dismissed without leave to amend;

18                 b.      Plaintiff's first claim is dismissed without leave to amend;

19                 c.      Plaintiff's fourth claim is dismissed without leave to amend;

20                 d.      Plaintiff's remaining claims are dismissed with leave to amend;

21         2.      Does 1–25 are dismissed from this action with leave to amend;

22         3.      Any first amended complaint that plaintiff may elect to file in this action shall be

23                 filed within twenty-one (21) days after the date of entry of this order; and

24  /////

25  /////

26  /////

27  /////

28  /////

4.     If plaintiff elects not to file a first amended complaint, then he shall file a notice of his intent not to file a first amended complaint by no later than twenty-one (21) days after the date of entry of this order.

IT IS SO ORDERED.

Dated:  **May 13, 2024**                                              

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

11