UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAMSEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RANCHO CORDOVA, et al.,<br><br>Defendants. | No. 2:23-cv-02178-DAD-DB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND CLOSING THIS CASE<br><br>(Doc. No. 19) |

This matter is before the court on defendants' motion to dismiss filed on June 27, 2024. (Doc. No. 19.) On July 17, 2024, defendants' motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 20.) For the reasons explained below, defendants' motion to dismiss will be granted.

**BACKGROUND**

Plaintiff Charles Ramsey brings this civil rights action under 42 U.S.C. § 1983 against defendants City of Rancho Cordova and County of Sacramento for alleged constitutional violations committed by the police during an over five-hour detention of plaintiff. In his first amended complaint ("FAC"), plaintiff alleges as follows.

At approximately 11:40 p.m. on September 30, 2022, plaintiff was driving home when multiple gunshots were fired at his vehicle by an unknown assailant. (Doc. No. 18 at 3.) The vehicle was struck at least three times. (*Id.*) In fear for his life, plaintiff retrieved his firearm,

which was secured within the trunk of his vehicle, and requested a neighbor to call the police. (*Id.*) Plaintiff placed his firearm on the ground before the police arrived to avoid being perceived as a threat. (*Id.*) Police arrived at approximately 12:10 a.m., and plaintiff signaled to them that he needed help by waving his arms. (*Id.*) However, despite plaintiff's pleas for assistance, the first officer at the scene handcuffed plaintiff without cause. (*Id.*) Plaintiff was detained in a patrol car until approximately 6:00 a.m. the next day, during which he had to urinate in a bottle due to the denial of his repeated requests to use the bathroom. (*Id.*) The police seized plaintiff's firearm, which was necessary for his job as an armed security guard, and did not return it until December 27, 2022, 88 days after the incident. (*Id.* at 4.)

Based on the foregoing allegations in his FAC, plaintiff asserts the following seven causes of action against defendants[1]: (1) violation of California Civil Code § 51, the Unruh Civil Rights Act; (2) violation of the Fourth Amendment to the U.S. Constitution; (3) false imprisonment under California state law; (4) violation of due process under the Fifth and Fourteenth Amendments to the U.S. Constitution; (5) violation of Article 1 § 13 of the California Constitution; (6) intentional infliction of emotional distress; and (7) negligent training and retention. (Doc. No. 18.)

On June 13, 2024, plaintiff filed his operative FAC.[2] (*Id.*) The court had previously dismissed plaintiff's complaint following a motion to dismiss brought by defendants, but had also granted plaintiffs leave to amend, in part. (Doc. No. 17.) On June 27, 2024, defendants filed the pending motion to dismiss, contending that plaintiff's FAC suffers from the same deficiencies as his original complaint. (Doc. No. 19). On July 18, 2024, plaintiff filed an opposition to the pending motion, and defendants filed a reply thereto on July 29, 2024. (Doc. Nos. 21, 22.)
/////

---

[1] Because plaintiff has only named entity defendants, his second and fourth claims are appropriately classified as *Monell* claims, from the Supreme Court's decision in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

[2] Defendants move to dismiss the FAC for being untimely filed. (Doc. No. 19-1 at 3.) Although the FAC was filed after the deadline set by the court in its prior order, the court will still consider it the operative complaint and will not dismiss it on untimeliness grounds.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ. P. 15(a). Reasons "such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

/////

**ANALYSIS**

**A.  Federal Claims**

Although plaintiff does not specify in his FAC the statute under which he asserts his federal constitutional claims (i.e., his second and fourth causes of action), the court interprets these as claims brought under 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right."  *Balistreri*, 901 F.2d at 699.  A plaintiff may bring a § 1983 claim against a person or an entity, including a municipality.  42 U.S.C. § 1983; *Monell*, 436 U.S. at 694.

As the court previously noted with respect to his original complaint (*see* Doc. No. 17 at 4), in his FAC, plaintiff does not identify any individual defendants and instead names only the City of Rancho Cordova and the County of Sacramento as defendants.  It is well-established that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell*, 436 U.S. at 691; *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  To state a *Monell* claim against a municipality, a plaintiff must allege facts demonstrating "that an 'official policy, custom, or pattern' on the part of [the municipality] was 'the actionable cause of the claimed injury.'"  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008)); *see also Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016) (explaining that in order to establish municipal liability under § 1983, a plaintiff must show a direct causal link between the municipal policy or custom and the alleged constitutional violation).

The Ninth Circuit has recognized four theories for establishing municipal liability under *Monell*: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker."  *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).  "Cases often refer to the fourth theory as 'ratification' by a final policymaker."  *Thurston v. City of Vallejo*, No. 2:19-cv-01902-KJM-CKD, 2021 WL 1839717, at *3 (E.D. Cal. May 7, 2021).  In its previous order addressing the original

complaint, the court noted that "plaintiff [did] not allege facts pertaining to a specific policy, practice, or decision of a municipal official with final decision-making authority that led to the alleged violations of plaintiff's rights . . . ." (Doc. No. 17 at 5.)  Here, although unclear in the FAC, it appears that plaintiff is attempting to proceed under the second theory of municipal liability under *Monell*.  (*See* Doc. No. 21 at 5) (arguing that "plaintiff has sufficiently alleged that defendants had unconstitutional policies or customs").

In their pending motion to dismiss, defendants contend that plaintiff has not cured the deficiencies noted in the court's prior order dismissing his original complaint. (Doc. No. 19-1 at 4–5.)  The court agrees.  In his opposition, plaintiff argues that he sufficiently alleged that the municipal defendants had adopted unconstitutional policies and customs.  (Doc. No. 21 at 7.) Plaintiff argues that he has alleged that defendants had "customs or practices of violating crime victims' constitutional rights," a "custom and practice of unlawfully detaining individuals without probable cause or reasonable suspicion," and "a custom and practice of unlawfully seizing firearms without justification."  (*Id.*) (quoting Doc. No. 18 at ¶¶ 51, 65, 66.)  Plaintiff argues that these allegations "are sufficient at the pleading stage to allege the existence of unconstitutional policies or customs."  (*Id.*)  However, as defendants point out in their reply, these allegations do not appear in those cited paragraphs of the FAC (Doc. No. 22 at 2), nor do they appear anywhere in the FAC, (*see generally*, Doc. No. 18).

Even if these allegations had been included in the FAC, they would be too conclusory to state a claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Johnson v. Baca*, No. 13-cv-04496-MMM-AJW, 2013 WL 12131358, at *13 (C.D. Cal. Sept. 24, 2013) (dismissing a *Monell* claim where the plaintiff failed "to allege any facts showing the existence of this custom or practice" and did not "allege the substance of the County defendants' current policy or explain why it is inadequate"); *Brown v. Cnty. of San Bernardino*, No. 20-cv-01304-JGB-SHK, 2021 WL 99722, at *5 (C.D. Cal. Jan. 8, 2021) (dismissing the custom, policy, and practice claim where the plaintiff failed "to explain what happened, when, who was involved, any similarities to the facts here, or the Defendants' subsequent actions").

5

Furthermore, in the previous order, the court noted that plaintiff did "not allege a single prior incident to support his conclusory assertion that defendants had a custom or practice of violating crime victims' constitutional rights." (Doc. No. 17 at 6.) As defendants point out in their pending motion to dismiss, plaintiff "still does not allege a single prior incident to support his federal claims for relief in his [FAC]." (Doc. No. 19-1 at 4.) In his opposition, plaintiff argues that "[a] singe incident can be sufficient to establish liability where the constitutional violation was caused by an existing, unconstitutional policy. That is precisely what plaintiff has alleged here." (Doc. No. 21 at 8) (citing *Navarro v. Block*, 72 F.3d 712, 714–15 (9th Cir. 1995)). However, the Ninth Circuit in its decision in *Navarro* stated that "[p]roof of random acts or isolated events is *insufficient* to establish custom." 72 F.3d at 714 (emphasis added); *see also Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee."). While a *Monell* claim grounded in a formal policy does not require a history or pattern of similar constitutional violations to be attributed to the policy, *Est. of Kong ex rel. Kong v. City of San Diego*, No. 22-cv-01858-BAS-DDL, 2023 WL 4939370, at *5 (S.D. Cal. Aug. 2, 2023), plaintiff here has not alleged or cited any formal policy. *See Perez v. City of Fontana*, No. 19-cv-01623-DMG-KK, 2020 WL 6153607, at *4 (C.D. Cal. July 20, 2020) (dismissing the plaintiff's *Monell* claim, stating that the plaintiff "has not alleged that the City of Fontana has an official, written policy that sanctions or mandates any of the behavior that allegedly harmed him. Nor has he alleged any similar incidents in the past. Without such allegations, the FAC alleges merely an 'isolated' incident that cannot give rise to municipal liability.").

Based on plaintiff's failure to address the deficiencies identified in the previous order granting defendants' motion to dismiss, the court concludes that granting leave to amend would be futile and unduly prejudicial to defendants. *See Foman*, 371 at 182; *see also Shetty v. SunTrust Mortg.*, No. 13-cv-00820-AG-E, 2013 WL 12244326, at *4 (C.D. Cal. Sept. 9, 2013) ("It would be an 'exercise in futility' to allow Plaintiff to amend his Complaint for a second time because Plaintiff has already been informed of deficiencies in his Complaint and failed to correct

6

1 them.") (quoting *Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998)), *aff'd sub nom.*
2 *Shetty v. SunTrust Mortg., Inc.*, 696 F. App'x 830 (9th Cir. 2017).  Accordingly, plaintiff's
3 federal claims will be dismissed, without further leave to amend.[3]

**B.   State Law Claims**

"Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims." *Tennyson v. Cnty. of Sacramento*, No. 2:19-cv-00429-KJM-EFB, 2020 WL 4059568, at *7 (E.D. Cal. July 20, 2020).

Because the court will dismiss all of plaintiffs' federal claims without leave to amend, the court declines to exercise supplemental jurisdiction over plaintiffs' state law claims.  Plaintiff's state law claims will therefore be dismissed without prejudice to plaintiff bringing those claims in state court.

**CONCLUSION**

For the reasons explained above,

1.  Defendants' motion to dismiss plaintiff's first amended complaint (Doc. No. 19) is granted, as follows:

    a.  Plaintiff's federal claims brought in this action are dismissed without leave to amend;

    b.  Because the court declines to exercise supplemental jurisdiction over plaintiff's state law claims, those claims are dismissed, but without prejudice to plaintiff bringing an action asserting those claims in state court;

/////
/////
/////

---

[3] In his opposition, plaintiff argues that his "Eighth Amendment claim is properly pled." (Doc. No. 21 at 10.)  However, his FAC does not contain an Eighth Amendment claim. (*See generally*, Doc. No. 18.)  Furthermore, the court dismissed plaintiff's Eighth Amendment claim asserted in his original complaint without leave to amend.  (Doc. No. 17 at 8.)

2. This action is dismissed; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 31, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE