UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAMSEY,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF RANCHO CORDOVA, et al.,<br><br>  Defendants. | No. 2:23-cv-02178-DAD-DB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT<br><br>(Doc. No. 26) |

Plaintiff Charles Ramsey brought this civil rights action under 42 U.S.C. § 1983 and California state law against defendants City of Rancho Cordova and County of Sacramento.  On July 17, 2023, plaintiff filed his complaint initiating this action in the Sacramento County Superior Court, which defendants thereafter removed to this federal court on October 2, 2023. (Doc. No. 1.)  On August 1, 2024, the court granted defendants' motion to dismiss without leave to amend as to plaintiff's federal claims.  (Doc. No. 23 at 7.)  The court declined to exercise supplemental jurisdiction over plaintiff's remaining state law claims and dismissed those claims without prejudice.  (*Id.*)

Now before the court is plaintiff's motion, brought pursuant to Federal Rule of Civil Procedure 59(e), to alter and amend the court's August 1, 2024 order to the extent it dismissed plaintiff's state law claims without prejudice.  (Doc. No. 26.)  Plaintiff argues that the court should have remanded his state law claims to state court following the dismissal of his federal

1

1    claims. (*Id.* at 1.) On September 10, 2024, defendants filed an opposition to the pending motion.
2    (Doc. No. 32.) Plaintiff did not file a reply. For the reasons explained below, plaintiff's motion
3    to alter or amend the judgment will be granted.

## LEGAL STANDARD

5    Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment
6    within 28 days after the judgement is entered. "A Rule 59(e) motion may be granted if '(1) the
7    district court is presented with newly discovered evidence, (2) the district court committed clear
8    error or made an initial decision that was manifestly unjust, or (3) there is an intervening change
9    in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (citation omitted).
10   A Rule 59(e) motion "is an extraordinary remedy which should be used sparingly." *McDowell v.*
11   *Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).

## ANALYSIS

13   In his pending motion, plaintiff contends that the court should have remanded his state law
14   claims instead of dismissing them without prejudice. (Doc. No. 26 at 1.) In their opposition,
15   defendants argue that plaintiff has not met his burden to demonstrate that the court's decision not
16   to remand the state law claims severely prejudiced plaintiff or subjected him to manifest injustice.
17   (Doc. No. 32 at 2.)

18   When a federal district court declines to exercise supplemental jurisdiction over state law
19   claims, it has discretion to either dismiss the claims or remand them to state court. *Carnegie-*
20   *Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). In making such a determination, the court
21   should consider which action will best serve "the principles of economy, convenience, fairness,
22   and comity." *Id.* While both options are within the court's discretion, "remand generally will be
23   preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has
24   expired before the federal court has determined that it should relinquish jurisdiction over the
25   case." *Id.* at 351–52.

26   Here, although plaintiff has not explicitly stated that the statutes of limitations for his state
27   law claims have expired, he argues that reconsideration of the court's order dismissing the state
28   law claims without prejudice is necessary to prevent manifest injustice due to the "looming

specter of statute of limitations preclusion." (Doc. No. 26 at 4.)  Specifically, plaintiff argues that "[t]he current posture of this case, if left uncorrected, would force Mr. Ramsey to refile his state law claims in state court, potentially facing insurmountable statute of limitations hurdles." (*Id*. at ¶ 4.)  He also notes that, even though 28 U.S.C. § 1367(d) "provides a 30-day grace period for refiling in state court, this provision is woefully inadequate given the labyrinthine procedural history in this case." (*Id*.)  While plaintiff does not precisely explain why he could not refile his action in state court within thirty days of this court's order granting defendants' motion to dismiss, the undersigned does recognize that it would be manifestly unjust if plaintiff's state law claims were barred, despite being properly filed in 2023, because they were dismissed without prejudice rather than remanded to state court where they were originally presented by plaintiff.  The principle of fairness thus supports remand here.  *Wells v. Xpedx*, No. 8:05-cv-2193-T-EAJ, 2007 WL 9723787, at *1–2 (M.D. Fla. Nov. 27, 2007) (finding that the interest of fairness weighed in favor of remanding the plaintiff's state claim to state court where the plaintiff argued that dismissal without prejudice "may lead to confusion regarding such issues as the statute of limitations").

   Even if the applicable statute of limitations as to plaintiff's state law claims have not expired, the court finds that remand would clearly better promote the values of economy, convenience, and comity.  *See Carnegie-Mellon Univ.*, 484 U.S. at 353 (noting that "[e]ven when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness, and comity").  In this regard, remanding the case would promote economy and convenience, since it would save plaintiff the time and expense associated with refiling the claims in state court which would likely delay resolution of those claims.  *See id.* (noting that the added expense and time required to refile claims and the state court having to reprocess the case "even taken alone, provides good reason to grant federal courts wide discretion to remand cases involving pendent claims when the exercise of pendent jurisdiction over such cases would be inappropriate").  Finally, because this action was originally filed by plaintiff in state court, removed by a defendant, and now only state law claims remain, remand would also serve the interest of comity.  *See Kruger v. Pac. Benefits Grp. Nw., LLC*., 228 F. Supp. 2d 1143,

1149 (D. Or. 2001) (finding that the plaintiff's "remaining state statutory and common law claims" which "originally were filed in state court" should be remanded to state court "as a matter of comity").

In conclusion, the court finds that remanding plaintiff's state law claims will promote the values of fairness, economy, convenience, and comity. The undersigned erred in failing to consider these factors in the August 1, 2024 order of dismissal. Therefore, plaintiff's motion to vacate or set aside judgment will be granted for the limited purpose of remanding plaintiff's state law claims to the Sacramento County Superior Court.

## CONCLUSION

For the reasons set forth above,

1. Plaintiff's motion to vacate or set aside (Doc. No. 26) the court's August 1, 2024 order (Doc. No. 23) and subsequent judgment (Doc. No. 25) is GRANTED, as follows:

   a. The portion of the court's order dismissing plaintiff's state law claims without prejudice is VACATED;

   b. Those state law claims are instead REMANDED to the Sacramento County Superior Court;

2. The Clerk of Court shall subsequently enter an amended judgment consistent with this order, as all remaining issues and claims have been resolved; and

3. The Clerk of Court is directed to take all necessary action to remand plaintiff's state law claims to the Sacramento County Superior Court with reference to that court's case number:  23-cv-004933.

IT IS SO ORDERED.

Dated:  **October 28, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE